UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KORENDI L. BARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:02cr5 |
| | ) | (1:05cv145) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for appointment of counsel, filed by the petitioner, Korendi L. Barker ("Barker"), on May 9, 2005. For the following reasons, the motion will be taken under advisement.

Discussion

On May 9, 2005, Barker filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody". The government responded to the motion on November 9, 2005, to which Barker has not replied. As an "addendum" to her Section 2255 motion, Barker filed a motion for appointment of counsel.

In her Section 2255 motion, Barker alleges that her conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with an understanding of the nature of the charge or consequence of the plea, that her conviction was obtained by use of a coerced confession, that her conviction was obtained by an illegal search and seizure, that she cooperated with the government but did not receive credit for doing so and that her counsel was ineffective, and that she was denied her right to appeal.

The record shows that on January 23, 2002, Barker was indicted on three counts of

violating 18 U.S.C. § 922(a)(6), alleging that she made a false and fictitious written statement to a federally licensed firearms dealer which statement was likely to deceive the dealer of the lawfulness of the sale as to a fact material to the acquisition of the firearms, that being she was the actual purchaser of the firearms when in truth and fact she was not because she was making the purchase for someone else.  After her arrest, Barker was appointed counsel and she entered a plea of not guilty.  Later, her appointed counsel withdrew and new counsel was appointed.

On May 2, 2002, a plea agreement was filed.  In this plea agreement, Barker agreed not to appeal or contest her sentence in any post-conviction proceeding.  Barker further agreed to cooperate with the government.  Pursuant to this Plea Agreement, Barker was facing a potential range of imprisonment of 8 to 14 months, and the government agreed to recommend the low end of that range. Barker's sentencing was continued on several occasions to allow her to complete her agreed upon cooperation and receive the benefit of such cooperation by the time of her sentencing.  On August 25, 2004, Barker and the government signed and filed into the record an "Agreement as to Sentencing Issues".  This document detailed Barker's failure to testify in her brother's trial, and noted that Barker signed an Affidavit in her brother's case, recanting all incriminating statements she had made against her brother, Riakos Barker.  As a result, the government moved to dismiss several counts against Riakos Barker.

Due to not receiving a reduction for acceptance of responsibility, and receiving a two level enhancement for obstruction of justice, Barker was faced with a sentencing guideline range of 18 to 24 months imprisonment.  Barker was sentenced to 21 months imprisonment on September 14, 2004.  No appeal was taken from the sentence or conviction.

In response to Barker's Section 2255 motion, the government has filed a 14 page brief

detailing the lack of factual basis for any of Barker's claims for relief.  Due to the factual nature of the claims, this court finds that appointment of counsel is not necessary in this case at this time.  Barker (who has an Associates Degree) should be able to respond to each point in the government's brief without the need for any sort of advanced legal research or legal argument[1].  Thus, the court will grant Barker 60 days from the date of this order to file a reply to the government's response.  The court will hold Barker's motion for appointment of counsel under advisement until after the receipt of Barker's reply brief.

## Conclusion

Based on the foregoing, Barker's motion for appointment of counsel is hereby TAKEN UNDER ADVISEMENT.  Barker is granted until 60 days from the date of this order to file her reply to the government's response to her Section 2255 motion.

Entered: December 12, 2005.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court

---

[1] Barker has indicated in her motion for appointment of counsel that she is serving her sentence in a Federal Satellite Prison Camp, which is severely limited in its research materials.